IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MICHAEL HERBERT COLTER**                                 **PETITIONER**

**VERSUS**                                                       **NO.  4:09CV170 TSL-LRA**

**SUPERINTENDENT LAWRENCE KELLY,
WARDEN ROBERT SCOTT and ATTORNEY
GENERAL of the STATE OF MISSISSIPPI**                  **RESPONDENTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Herbert Colter filed a petition for federal habeas corpus relief on December 4, 2009.  On April 7, 2010, Respondents moved to dismiss the petition for failure to exhaust available state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Because the Court finds the Petitioner's claims were mooted when he was released from custody on April 28, 2010, the Court recommends that his petition be dismissed for the reasons that follow.

Petitioner pled guilty to his third D.U.I. offense in the Circuit Court of Neshoba County, Mississippi.[1]  As a result, on June 30, 2009, he was sentenced to serve one year in the custody of the Mississippi Department of Corrections, 120 days of which were to be served in the Neshoba County Jail with the remainder to be served on house arrest.[2] He was also ordered to pay a $2,000.00 fine and court fees.[3]

---

[1] ECF NO.  9-1, Indictment.

[2] ECF NO.  9-2, Sentencing Order.

[3] *Id*.

Petitioner's sole habeas claim is that his Eighth and Fourteenth Amendment rights are being violated because he is serving his sentence in the Mississippi State Penitentiary, and not in the Neshoba County Jail as provided by the terms of the sentencing order. As grounds for relief, he requests that he be returned to the Neshoba County Jail and released from confinement in compliance with the State court's judgment on his guilty plea. He also requests that he not be required to pay the $2,000.00 fine imposed by that court's order because the plea agreement was breached through no fault of his own. He lastly requests that he be released from all other obligations imposed by the plea agreement and credited with time served. Though neither party has produced a copy of the plea agreement,[4] Respondents have produced an affidavit from the director of records at MDOC which advises Petitioner was not placed on house arrest because the address he submitted was not approved.[5]

## Discussion

Respondents argue that Petitioner has not exhausted his state court remedies by filing a complaint with the prison's Administrative Relief Program ("ARP"),[6] or a motion

---

[4] ECF No. 1, pp. 5-7. Petition for Writ of Habeas Corpus. Petitioner also makes a general request that this Court grant any other relief to which he may be entitled. His requests that he be permitted to proceed *in forma pauperis* and that certain exhibits be considered have already been granted.

[5] ECF No. 9-4, Affidavit of Sherry Robinson.

[6] Respondents state that the only ARP complaint filed by Petitioner during his incarceration involved a prison disciplinary matter. ECF NO. 9, p.3, FN2.

for post-conviction collateral relief in state court.  Respondents suggest that to satisfy AEDPA'S exhaustion requirement, Petitioner should either file a motion for post-conviction collateral relief in state court or complete the ARP three-step process. Although he has not filed a response to the motion to dismiss, Petitioner acknowledges his failure to exhaust in his habeas petition.  He advises that when he attempted to file an ARP complaint, he was informed by prison officials that they could not help him and he should contact his attorney.[7]  He claims prison officials also acknowledged that he was being housed at the penitentiary by mistake, and told him that they had contacted the Neshoba County Circuit Court, but had not yet received any information.

Upon initial review of this matter, the undersigned noted that under the terms of the sentencing order, Petitioner's sentence was scheduled to be discharged on June 30, 2010.  The Court also noted that there have been no filings by Petitioner since January 28, 2010.  The parties were therefore instructed to advise no later than September 17, 2010, whether Petitioner had been released from incarceration.  Respondents complied by producing records from the Mississippi Department of Corrections indicating that Petitioner was actually released from incarceration on April 28, 2010.[8]  Petitioner filed no response.  In the interest of justice, the Court granted Petitioner until October 20, 2010, to show cause why this case should not be dismissed.  Petitioner was also directed

---

[7] ECF No. 1, p. 3, Petition for Habeas Relief.

[8] ECF No. 10-2, M.D.O.C. Drill Down Report.

to advise whether he intended to pursue the grounds for habeas relief listed in his petition. He was also warned that failure to comply with this court's order would result in a recommendation from the undersigned that his petition be dismissed. He has failed to comply with the Court's order. This failure, coupled with the fact that the Court finds Petitioner's confinement claim has no continuing relevance after his release from custody, warrants dismissal of this case. *Adair v. Dretke*, 150 Fed. App'x 329 (5th Cir. 2005)(appeal deemed moot and found to have no continuing relevance after inmate was released from incarceration).

Courts generally consider a prisoner's habeas challenge to be mooted by the release from custody, unless "some concrete and continuing injury" or "collateral consequence" of the conviction exists. *Spencer v. Lemna*, 523 U.S. 1, 7(1998); *Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987). But when a prisoner merely contests the imposition or duration of his confinement, and not the conviction itself, the case becomes moot when he is no longer confined. *Lane v. Williams*, 455 U.S. 624, 631 (1982).

Here, Petitioner's sole claim is that the Mississippi Department of Corrections unconstitutionally housed him in the Mississippi State Penitentiary. His primary request for relief was to be returned to the Neshoba County Jail and, thereafter, to be placed on house arrest in compliance with the terms of the sentencing order. Thus, Petitioner's release from confinement on April 28, 2010, renders this claim moot. *Bailey* at 279. (holding habeas petition challenging prison disciplinary infraction moot after petitioner's release).

4

However, because Petitioner requests relief from a monetary fine as well as confinement, there remains an ongoing controversy that was not rendered moot when he was released from custody. *Ledford v. Epps*, 2007 WL 2900408 (S.D. Miss. 2007) (noting petition not moot upon release from custody because state trial court imposed fines and court costs to be paid upon release). Petitioner's failure to comply with this Court's show cause orders suggests that he has abandoned his petition in its entirety. He has also failed to exhaust his state court remedies on this claim. The Court therefore recommends that this claim be dismissed as well.

## Conclusion

It is the recommendation of the undersigned United States Magistrate Judge that the Motion to Dismiss should be granted for the reasons stated herein and the petition be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009).

THIS the 21st day of January, 2011.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE